## TOM CAMPBELL v. THE STATE.

*No. 6570. Decided June 15.*

1. **Unlawfully Carrying Pistol.**—A person's temporary residence is, for the time being, his "home and his own premises," within the exception of the statute defining the offense of unlawfully carrying a pistol.

2. **Same.**—It is no violation of the law for a person to carry a pistol from his temporary to his permanent residence.

3. **Same—"Traveler."**—A person while going from his temporary to his permanent home in another county is a "traveler" within the exception of the statute defining the offense of unlawfully carrying a pistol.

4. **Same—Charge of the Court.**—To supply omissions in the general charge of the court the defendant requested a special instruction embodying the rules announced above, which instruction was refused. *Held*, error.

APPEAL from the County Court of Milam. Tried below before Hon. E. Y. Terral, County Judge.

The conviction was for unlawfully carrying a pistol, and the penalty assessed was a fine of $25 and twenty days in the county jail.

The opinion discloses the case.

*T. S. Henderson*, for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—When defendant was seen with the pistol he was at the house of one Jennings. He was temporarily residing at Jennings's, and for the time being that was his home and his own premises. His permanent residence was in another county. When he left Jennings's to return to his permanent home he carried the pistol with him. These facts do not constitute the offense of unlawfully carrying a pistol upon the person. He had the right to have and carry the pistol at Jennings's house, because he was upon his own premises within contemplation of the law. He had the right to take the pistol to his permanent home when he left Jennings's; and besides, while going from Jennings's to his permanent home in another county, a distance of many miles, he was a person traveling within the meaning of the law. We think the evidence fails to show an offense.

The court did not charge fully and correctly the law of the case. Defendant excepted to the charge and requested a special instruction, which was refused, and he excepted.

Because the court did not charge the law of the case, and because the evidence fails to show that defendant carried the pistol unlawfully, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Judges all present and concurring.