### WILL PRICE v. THE STATE.

*No. 523.   Decided January 30.*

Unlawfully Carrying a Pistol—Traveler—Evidence.—See evidence stated in the opinion, upon which it was *Held,* that the accused was a traveler, and as such not liable to punishment for unlawfully carrying a pistol.

APPEAL from the County Court of Johnson.   Tried below before Hon. F. E. ADAMS, County Judge.

This appeal is from a conviction for unlawfully carrying a pistol, the punishment being assessed at a fine of $25.

The opinion states the case.

*M. A. Oatis,* for appellant.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—We are of opinion the evidence does not support the judgment.   At the time appellant carried the pistol on his person set out in the indictment, he was a "traveler," in contemplation of law.   He had gone from his home in Somervell County to the residence of his father-in-law in Johnson County, about twenty-five miles, for the purpose of accompanying his wife on her return home. He and the witness Bayles had gone down in the wagon belonging to Bayles.   Passing through Cleburne, the county site of Johnson County, they reached the residence of appellant's father-in-law, took dinner, and accompanied by Mrs. Price, appellant's wife, returned to Cleburne, and loaded the wagon with lumber for Bayles.   Appellant then went to market for the purpose of purchasing some barbecued meat for their supper, as they expected to camp for the night a few miles from Cleburne, not being able to reach their home until the following day.   While making the purchase of meat, appellant was arrested and placed in jail for carrying the pistol set forth in the indictment.   The judgment must be set aside for want of sufficient evidence to support it.   McDaniel v. The State (Texas Crim. App.), 26 S. W. Rep., 724; Stilly v. The State, 27 Texas Crim. App., 445; Campbell v. The State, 28 Texas Crim. App., 44.

*Reversed and remanded.*

Judges all present and concurring.