CLINTON WHITESIDES v. THE STATE.

No. 2265. Decided June 20, 1900.

Motion for Rehearing Decided October 4, 1900.

**1. Bill of Exceptions to Excluded Evidence.**

A bill of exceptions to excluded evidence in answer to questions, to be sufficient, must show what answer or answers were expected from the witness, and if said answer was intended to be used as a predicate for the impeachment of a witness the bill of exceptions should state that fact.

**2. Argument of Counsel—Practice on Appeal.**

Where the argument of counsel which was objected to was in response to argument of defendant's counsel, the latter has no ground for complaint; and when improper argument is objected to it will not be a subject for revision on appeal unless defendant by a written charge at the time had the court to instruct the jury to disregard it.

**3. Reasonable Doubt—Charge.**

On a trial for unlawfully carrying a pistol, where there was a direct and positive conflict between the prosecuting witness and defendant's testimony as to defendant's having a pistol on the occasion, and the court instructed that the jury should acquit if they had a reasonable doubt "from the evidence," the charge was not objectionable in the particular case, as no doubt could have been engendered except from the testimony.

**4. Pistol—Unlawfully Carrying—One's Own Premises.**

The law does not intend to excuse the carrying of a pistol upon premises, a pasture in which defendant merely had permission to turn his horses, the same privilege being exercised by the owner and his other tenants.

ON MOTION FOR REHEARING.

**5. Argument of Counsel.**

On a trial for unlawfully carrying a pistol, where the prosecuting attorney had spoken of the prevalence of perjury by witnesses in pistol cases, Held, this did not constitute reversible error, though the prosecuting attorney was not authorized to make such observation, and though defendant exercised his rights promptly and properly to have the supposed error corrected in the trial court.

APPEAL from the County Court of Gonzales. Tried below before Hon. W. W. GLASS, County Judge.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $25.

J. M. Whitesides testified that he is defendant's father, and that defendant, at the time charged, lived with witness, at his house, on the place of Dr. Jones. Witness rented a part of Dr. Jones' farm, and was permitted by him to use the pasture for his stock. There was no limit to the number of stock he was to put in the pasture. The well (where Miller testified to seeing defendant with the pistol) was in this pasture,

about 300 yards from witness' house. He had the right of free ingress and egress in and from the pasture, and so had the defendant. Defendant lived with witness and got up his horses and cattle whenever he desired. The pasture contained several hundred acres of land. Defendant testified: "The well is in the pasture; I go into the pasture at all times, night and day, and get up my and my father's stock. I live at my father's house, in the pasture, and have no other home."

R. E. Miller, the only State's witness, testified that defendant's father put stock in this pasture, like the other renters. The well had been used by the Whitesides for family use, and maybe they used it then. (At the time he accused defendant with drawing the pistol.)

Defendant requested the following charge, which was refused: "The jury are instructed that it is not against the law for a person to carry a pistol on his premises, or at his usual place of business; and if you find that defendant did, as charged, have a pistol on or about his person, but that at the time he was on his premises, or at his place of business, you will acquit him. And in this connection you are instructed that if defendant's father had the use of the pasture in question, for the use of his stock, and used the same for said purpose, and had the use and entry of said pasture for himself and family; and that defendant was a member of his father's family, and also had the right to use and enter the same, in the usual course of the business or occupation in which he was then engaged, whether conjointly with others or not, said pasture was the premises and place of business of the defendant, within the meaning of the law." Defendant excepted to the refusal to give the charge and made it the ground for new trial.

*Atkinson & Abernathy,* for appellant.

*Dave W. Wilcox* and *Rob't A. John,* Assistant Attorney-General, for the State.

HENDERSON, JUDGE.—Appellant was convicted of unlawfully carrying a pistol, and his punishment assessed at a fine of $25, and he prosecutes this appeal.

By his first bill of exceptions appellant questions the action of the court in not permitting him to inquire of the prosecuting witness, R. D. Miller, if he had not, shortly after the occurrence at Whiteside's house, made a statement to the witness Clinton Whitesides to the effect that he was not certain, and would not swear, that defendant had a pistol. It is not stated in this bill what the witness would have testified on this point. For aught that we know, he may have testified he made such statement to witness, and then explained how he came to make it. If it had been stated that it was expected to be proved by said witness that he did not make such statement, and that this testimony was de-

sired for the purpose of laying a predicate on which to contradict him by the witness Clinton Whitesides, then the bill would have been complete, and we would have had a proper assignment before us.

Appellant also excepted to the remarks of the county attorney in his closing speech. The court explains this bill by stating that the language used by the county attorney was in response to an argument by appellant's counsel. In addition to this, there was no written charge asked eliminating this matter from the consideration of the jury.

It is also insisted that the court committed a material error in giving the following instruction to the jury: "If you have a reasonable doubt of the guilt of defendant from the evidence, you will acquit,"—the contention being that the doubt must arise from the evidence. While it is true that the doubt may arise either from testimony or from the want of testimony, yet we fail to see, in this particular case, how the doubt could be engendered except from the testimony. The prosecuting witness swore positively to appellant's having a pistol on the occasion inquired about, while appellant swore positively to the contrary. So it was a doubt engendered by the testimony pro and con.

Appellant requested the court to give an instruction authorizing the jury to acquit him if they believed that at the time the State's witnesses testified he saw him with the pistol he (appellant) was on his own premises, and entered the same in the usual course of his business or occupation. We have examined the testimony, and, in our opinion, the evidence did not require a charge on this subject. The proof showed that the locus in quo where the alleged offense was committed was in a certain pasture; that the pasture was not rented to appellant's father, but he merely had a permissive use of the pasture with others; that appellant was seen with the pistol in said pasture at night. There is no proof, in connection with his being there, that he was engaged in any business. We do not believe the law intended to authorize a person to carry a pistol under such circumstances, not being on his own premises. The mere permission to turn his horses into the pasture did not constitute the pasture appellant's premises; especially as this privilege was enjoyed by the owner of the pasture as well as other tenants on the place. There appearing no error in the record, the judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

#### October 24, 1900.

HENDERSON, JUDGE.—This case comes before us on motion for rehearing. Appellant in his motion calls our attention to the requested charge instructing the jury in effect not to regard the expression of the county attorney as to witnesses committing perjury in pistol cases. The motion for new trial would seem to cover this charge, reserving an

exception to the refusal of the court to give the same. We were therefore in error in holding that no charge was requested on this subject. While accurately speaking the county attorney was not authorized to make such observation, yet it does not occur to us that this affords sufficient ground for reversal. We do not deem it necessary to discuss other questions raised in the motion for rehearing, as they were all discussed in the original opinion rendered, and we see no reason to change our views as heretofore expressed. The motion for rehearing is overruled.

*Motion overruled.*