## WES. MONROE v. THE STATE.

### No. 2217. Decided October 31, 1900.

**1. Appeal from Justice to District Court—Finality of Judgment.**

Where the district court of a county is empowered with jurisdiction of all criminal matters generally conferred upon county courts, its judgment, on appeal from a justice court, is a finality from which an appeal can not be taken where the judgment and amount of fine does not exceed $100.

**2. Same—Jurisdiction of Court of Criminal Appeals.**

The Court of Criminal Appeals has no jurisdiction of an attempted appeal from a judgment of the district court of less than $100, where the case was appealed to said court from a justice court in a county where the county court jurisdiction in criminal cases has been conferred upon said district court.

APPEAL from the District Court of Franklin. Tried below before Hon. J. M. TALBOT.

Appeal from a judgment of the District Court in a gaming case where the fine assessed was in the sum of $10.

The Assistant Attorney-General moved to dismiss the appeal because the amount of the fine in the district court being less than $100, the Court of Criminal Appeals had no jurisdiction.

*J. H. Beavers,* for appellant, filed a brief upon the merits of the case.

*Rob't A. John,* Assistant Attorney-General, for the State, in support of his motion to dismiss the appeal, cited Brady v. State, Tyler Term, 1900; Nelson v. State, 33 Texas Criminal Reports, 379; White's Annotated Code of Criminal Procedure, section 53, and article 95; Johnson v. State, 26 Texas Criminal Appeals, 396.

BROOKS, JUDGE.—Appellant was convicted for gaming in the justice court, fined $10, and appealed to the district court, where he was subsequently convicted, and his punishment again assessed at a fine of $10. The District Court of Franklin County had previously acquired jurisdiction of all criminal matters theretofore awarded to the county court of said county. From this last judgment he attempts to appeal to this court. However, the amount of the fine not exceeding $100, this court is without jurisdiction. See Brady v. State (Texas Crim. App., Tyler Term, 1900), 58 S. W. Rep., 1016; Nelson v. State, 33 Texas Crim. Rep., 379; White's Ann. Code Crim. Proc., p. 57, sec. 53.

Furthermore, we hold that where the criminal jurisdiction is taken from the county court, and conferred upon the district court, the district court, in such matters as the county court formerly entertained jurisdiction of, stands in the same relation to this court, as far as appeals are concerned, as the county court formerly stood. In other words, that the district court becomes the county court as far as appeals from justice and corporation courts are concerned, and that the fine must exceed $100, on appeal from the justice court, before this court can entertain jurisdiction of the appeal. White's Ann. Code Crim. Proc., art. 95; Johnson v. State, 26 Texas Crim. App., 395. The motion of the Assistant Attorney-General is sustained, and the appeal is accordingly dismissed.

*Appeal dismissed.*