## THOMAS BALL v. THE STATE.

### No. 2385.   Decided June 24, 1902.

**1.—Fence Breaking.**

On a trial for fence breaking, where the defense was a prescriptive right of easement over the land acquired by a usage of ten years, and it appeared that after the acquisition of such easement, defendant agreed that prosecutor might fence if he would put in a gate at a certain point for ingress and egress by defendant; Held, a breach of the agreement on the part of prosecutor would not give defendant the right to forcibly break the lock upon said gate and injure the property.

**2.—Bill of Exceptions to Admitted Evidence.**

Objections in a bill of exceptions to admitted evidence, that the evidence "was irrelevant, immaterial and calculated to prejudice the jury against defendant," are too general to be entitled to be reviewed.

**3.—Complaints as to Evidence in Motion for New Trial.**

Complaints as to the admission and exclusion of evidence, made in the motion for a new trial, will not be considered or reviewed where no bill of exceptions has been reserved as to the same.

Appeal from the District Court of Menard.   Tried below before Hon. J. W. Timmins.

Appeal from a conviction of cutting and pulling down a fence; penalty, a fine of $25.

The facts are sufficiently stated in the opinion.

No brief on file for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was prosecuted under an indictment containing two counts, for fence breaking, one a felony and the other a misdemeanor.   Upon trial he was convicted under the misdemeanor count, and his punishment assessed at a fine of $25.

The following is a brief statement of the facts adduced:   Prosecuting witness' pasture lay between appellant and his postoffice, Fort McKavett. The proof shows that appellant was in the habit of passing over prosecutor's land; and that several other parties were also accustomed to using the same up to about two years prior to the fencing of the same by prosecutor, at which time prosecutor fenced the land, put a gate at the exit of the private road opposite appellant's place and nearest to his postoffice at Fort McKavett.   The evidence shows that appellant had exit from his premises at other places than the one he used over prosecutor's premises.   Appellant owned a ranch south of Fort McKavett for twenty years, and during said time, up to two years prior to this prosecution, he continuously traveled and used from his house to said Fort McKavett what is known as the old Fort Terrett road, running due north from appellant's residence through the land inclosed as a pasture by the prosecuting witness.   That he had used this land, claiming a right to use it both as a private road and as a public road.

Special charge was requested instructing the jury to find appellant not guilty. In the refusal of this charge there was no error. The second special charge was given by the court to the effect that, if appellant believed in good faith that he had a right to break the gate, that he should be acquitted. This was in addition to the main charge.

The special charge number 3 requested the court to charge the jury, that if appellant had an easement by prescription for a period of ten years subsequent to the consummation of that period, and he agreed that prosecutor might fence if he would put the gate in, and run said road from near the graveyard in said pasture to a point at or near the northeast corner of said pasture, and there make a gate, that said agreement would be practically granting appellant the right to enter on the premises and pass out the gate that was broken. If it be conceded that the doctrine of prescriptive right to an easement after- occupancy for ten years is recognized by our courts, as seems to have been the holding in Alley v. Hamilton, 29 Texas, 578, then appellant was given the benefit of such a charge by the fourth special charge asked by appellant to that effect. If appellant waived that right and entered into a contract as he claimed under special charge number 3, then a breach of that contract by the prosecutor would not give appellant the right to break and pull down the gate, although it may have given him a simple cause of action, either for damages, or an action direct to enforce a right to pass through said gate. Prosecuting witness being in the peaceable possession of said premises, appellant had no right to forcibly dispute it by breaking the lock and injuring his property.

Appellant's only bill of exceptions complains. of the admission of certain evidence. The grounds of objection are that the evidence was irrelevant, immaterial, and calculated to prejudice the jury against defendant. These exceptions are too general in their nature to be reviewed. Hamblin v. State, 41 Texas Crim. Rep., 135; Howard v. State, 57 S. W. Rep., 948; McGrath v. State, 35 Texas Crim. Rep., 422.

There are other complaints to the admission and exclusion of evidence in the motion for new trial; but there is no authenticated bill of exceptions to the same. Therefore, these matters can not be reviewed. The facts are ample to support the verdict. No error appearing in the record, the judgment is affirmed.

*Affirmed.*