LEWIS CRAIG v. THE STATE.

No 766. Decided November 2, 1910.

**Carrying Pistol—Own Premises.**

Where, upon trial of unlawfully carrying a pistol, the defendant set up his right to carry the pistol on his premises, and the evidence offered showed that the defendant was staying at a barn without the objection of the owner, that he had his trunk there and slept there, and had not moved away from the barn, the same was a defense and it was not essential to show that he owned or had leased the barn, and the court's rejection of such testimony was reversible error.

Appeal from the County Court of Briscoe. Tried below before the Hon. John B. Rentfro.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—This is an appeal from a conviction for unlawfully carrying on and about his person a pistol, carrying with it a fine of $125.

We find in the record a bill of exceptions to the action of the court in excluding certain testimony. It seems that in the trial of this case the witness Jones testified that he went to what was called the livery barn in the town of Briscoe, for the purpose of paying defendant a livery bill and that he paid defendant the bill; that defendant had his personal effects and his trunk in the barn and seemed to be attending to the barn and feeding the stock. John Blackwell testified that defendant was staying at said barn and that he slept at said barn and had his trunk and effects there. Defendant testified that he and Ward had been running said barn under a lease from the owner and that while the lease had expired there had been no settlement and that he was staying at said barn, had his trunk, etc., there and slept there at nights. Witherspoon said that he' had leased the barn to defendant and Ward and that defendant was staying at the barn until settlement could be made with witness and had his personal effects there and slept at said barn. The State proved also by the witness Jones that he saw defendant go to his trunk and take a pistol out and put it in his pocket. The State then requested the court to withdraw from the consideration of the jury all testimony given by both the witnesses for the State and the defendant relating to the said barn being the place of business or home of the defendant, unless defendant showed that he held said barn by lease or ownership. This motion was sustained by the court and he instructed the jury not to consider said testimony as a defense in behalf of the

defendant. This action of the court was excepted to by the defendant and preserved by bill of exceptions. The defendant contended that he got the pistol out of the trunk, handled it awhile and put it back in the trunk. One of the State's witnesses testified that he saw defendant go out of the barn directly after he took the pistol out of the trunk; that he did not know for certain that he took the pistol out of the barn. This is the testimony in the case. We are of opinion that the court erred in excluding said testimony. If the defendant was staying at the barn, had his trunk there and slept there, without objection of the owner, and had not moved away from the barn, the fact that he did not own the barn or have it leased would be wholly immaterial. If he was staying there it would be his own premises for all purposes of the law and defendant would not be amenable for having the pistol on his person in said barn.

For the error of the court in withdrawing this testimony from the jury and excluding same, the judgment is reversed and the cause remanded.

*Reversed and remanded.*