### Jiles Fields v. The State.

#### No. 3122.    Decided May 6, 1914.

**Carrying Pistol—Own Premises.**

> Where, upon trial of unlawfully carrying a pistol, the evidence showed that while defendant had rented a portion of the place to another, yet that he lived on the premises and worked the crop with said other party, he was not guilty of any violation of the law of having a pistol on and about his person.

Appeal from the County Court of San Jacinto. Tried below before the Hon. E. W. Love.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*J. M. Hansbro* and *A. T. McKinney,* for appellant.—On question of insufficiency of the evidence: Short v. State, 8 S. W. Rep., 281; Wortham v. State, 23 S. W. Rep., 797; Page v. State, 25 S. W. Rep., 774; Williams v. State, 72 S. W. Rep., 380; Ellias v. State, 65 Texas Crim. Rep., 479, 144 S. W. Rep., 1139.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, Judge.—Appellant was convicted of unlawfully carrying a pistol. Appellant's first assignment of error is: "There was error in the judgment of the trial court because the verdict of the jury is contrary to and not supported nor justified by the evidence adduced upon the trial of said cause in this: (a) All of the evidence adduced upon the trial of said cause, and which was uncontroverted, showed that the defendant, at the time he was charged with having carried the pistol, was upon his own premises, and which said premises were held and occupied by himself and family as a homestead, and that at no time was he off of his said premises. (b) The undisputed evidence shows that

if the witness, Tot Dunnam, was a tenant of the said Jiles Fields, he was not such tenant as was, under the law, entitled to the exclusive possession (as against defendant) of the lands cultivated by him—the evidence showing that both the defendant, Jiles Fields, and the said Dunnam worked the lands jointly and together, and the said defendant had never parted with his right of possession to said premises, nor that said Dunnam had had such a contract as entitled him to the exclusive possession, as against this defendant, the owner of said premises. (c) The undisputed evidence shows that the defendant, Jiles Fields, with his family, occupied said premises as his home, and had never parted with his right to so occupy the same, nor had invested the said tenant, Dunnam, with any right to the exclusive possession of the same, and that if said Dunnam had any rights of possession whatever, it was simply a joint right with defendant. (d) The undisputed evidence shows that, if the said Dunnam was the tenant of the said Jiles Fields, they, the said Fields and the said Dunnam, worked the said premises jointly— the said Fields furnishing the teams and tools with which the lands were cultivated, and the said parties, Fields and Dunnam, 'working the said lands through and through,' as expressed by the witnesses—that is, the said lands were cultivated, planted and gathered by the said Fields and Dunnam, jointly."

The evidence and all the evidence sustains this assignment and is insufficient to sustain the verdict. Appellant lived on the premises, and while he had rented a portion of the place to Tot Dunnam on halves, yet it is shown that appellant and Dunnam worked the crops "through and through,"—that they jointly cultivated the crops. Appellant helped Dunnam break the land, plant the crop, cultivate it, and gather it, and Dunnam worked in appellant's crop the same way, appellant owning all the land.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*