## G. W. DAVIS v. THE STATE.

### No. 5830. Decided May 26, 1920.

1.—Theft—Accomplice—Charge of Court.

Where, upon trial of theft the State used an accomplice as witness, the court's failure to charge on accomplice's testimony was reversible error.

2.—Same—Other Offenses—Charge of Court.

Where, upon trial of theft over the value of fifty dollars, the State intro-
duced extraneous matters and offenses to connect defendant with the in-
stant offense, the charge of the court upon this evidence, that if the jury
believed that the same tended to prove the theft of other property, etc.,
that the same could be considered to establish *res gestae*, etc., the same was
reversible error.

3.—Same—Evidence—Acts of Defendant—Intent.

Upon trial of theft over the value of fifty dollars, there was no error in
admitting testimony, defendant's connection with the transaction in show-
ing his purpose to obtain money from the results of the theft and selling the
property, etc.

4.—Same—Jury and Jury Law—Practice on Appeal.

Where the judgment was reversed and the cause remanded upon other
grounds, the selection and empaneling of the jury need not be discussed.

5.—Same—Statement of Facts—Exoneration of Appellant—Practice on Appeal.

Where the statement of facts was not filed within the ninety days as
required under the decisions, but it appeared from the statement of the trial
judge that this occurred by his own inadvertence and without the fault of
the appellant, the statement of facts will be considered. Following Eitel v.
State, 78 Texas Crim. Rep., 552, and other cases.

Appeal from the District Court of Eastland. Tried below before
the Honorable F. A. Hill.

Appeal from a conviction of theft over the value of fifty dollars.
Penalty: two years imprisonment in the penitentiary.

The opinion states the case.

*Mays & Mays*, for appellant.—On question of statement of facts:
Cases cited in opinion.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of the
theft of fifteen joints of six and five eighths inch casing of over the
value of fifty dollars and allotted two years in the penitentiary.

The State's evidence is that appellant, his brother and Dawson
went to an abandoned oil well and took the casing mentioned in the
indictment and sold it. Under the State's case, if they did, it was
theft. Appellant's contention was that he did not go to the place
where the property was situated, and knew nothing about it being
stolen property; that he was a teamster and hauled anything for which
he was employed in and about the oil field. The State used Dawson as
a witness. Under the law and facts, if appellant was guilty, Daw-
son was an accomplice. The court did not so charge as to accom-
plice testimony as shown by his charge copied in the record. There

is a bill of exceptions which states that he did submit the issue to the jury as to whether or not Dawson was an accomplice. Outside of this bill of exceptions we fail to find a charge in the record. It is not embodied in the court's charge. Appellant requested a special instruction to the effect that Dawson would be an accomplice and would have to be corroborated. The requested charge was appropriately in the terms of the law and should have been given. This matter is indefinite, but upon another trial the court should instruct that Dawson is an accomplice.

The State introduced extraneous matters and offenses and circumstances to connect appellant with this offense and to show his purpose in being connected with it. The court charged the jury as follows, as shown by the bill of exceptions:

"In this case if you believe there is evidence *tending* to prove the theft of other property then that alleged in the indictment to have been stolen, and at the same time and place, you are instructed that you can consider such testimony for the purpose for which it was admitted, that is, to establish the identity in developing the *res gestae* of the alleged offense or to prove the guilt of the accused by circumstances connected with the theft, if any, or to show intent with which the accused acted with respect to the property for the theft of which he is now on trial, and you will consider it," etc. This is quoted from the bill.

Exception was reserved to this charge, among other reasons, because it was on the weight of the evidence. This charge has been condemned in a number of opinions as being on the weight of the evidence. Appellant's exception to the charge should have been sustained and a proper charge given.

Exception was also reserved to various and sundry matters that were introduced which tended to connect the defendant with this transaction criminally, and to show his purpose and to obtain the money from the results of the theft and selling the property. We are of opinion this evidence under this record was admissible. It is unnecessary to recapitulate the testimony. The appellant denied any guilty connection with it, and introduced evidence to show that he was not present at the time of the taking. There were checks also introduced given for the payment of this property in the profits of which appellant participated. This was introducible under the facts of this case.

There is a bill of exceptions to the manner in which the jury was obtained. This will not occur upon another trial and is not discussed.

Appellant contends that he was deprived of his statement of facts without fault on his part, and for this reason the judgment should be reversed. The statement of facts was not filed within the ninety days as seems requisite under the decisions in order for its consideration. The trial judge files an affidavit exonerating appellant from any blame in not having his statement of facts filed within time and as-

sumes all responsibility. Without setting out his reasons we think they are sufficient to exonerate the appellant from any want of diligence. The statement of facts, however, is agreed to and certified by the judge to be correct. He says that he overlooked and failed to sign it in time on account of reasons stated, among others, the pressure of business in the trial of other cases. The correctness of the statement of facts is not assailed, but is agreed to and signed by the attorneys. See Branch's Crim. Law, Sec. 41; Vernon's C. C. P., p. 837, and note 20, for cases; Eitel v. State, 78 Texas Crim. Rep., 552, where quite a number of cases are collated; Gibbs v. State, 70 Texas Crim. Rep., 278; Tankersley v. State, 51 Texas Crim. Rep., 171. We are of opinion the statement of facts, under the statement of the judge, should be considered and is considered in passing upon the case.

On account of the errors above mentioned this judgment will be reversed and the cause remanded.

*Reversed and remanded.*