# OCTOBER, 1920.

### Horace Rather v. The State.

#### No. 5885.   Decided October 13, 1920.

**Carrying Pistol—Own Premises—Charge of Court—Residence.**
    Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant used as his residence two different places, and requested a charge thereon, which was refused by the court, the same was reversible error.  Following Gibbs v. State, 70 Texas Crim. Rep., 278, and other cases.

Appeal from the County Court of Smith.   Tried below before the Honorable W. R. Castle.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case.

*Simpson, Lasseter & Gentry*, for appellant.—Cited Campbell v. State, 28 Texas Crim. Rep., 44; Campbell v. State, 135 S. W. Rep., 548.

*Alvin M. Owsley*, Assistant Attorney General, for the State.

MORROW, Judge.—The conviction is for unlawfully carrying a pistol. Persons traveling and those carrying arms when on their own premises of place of business are exempted from the statute. Penal Code, Art. 476. The appellant carried a pistol in his valise from Jacksonville, in Cherokee County, to the home of his father about twenty miles distant in Smith County. He claimed that he was not aware that it was in his satchel until he was well on the way to his father's house. According to the appellant's evidence, his father was sick; that there was a party of boys or young men, whom he thought were shooting craps, out in the woods near his father's house. They were making a noise which disturbed the father, and the appellant went out in the orchard and fired his pistol in the air to

frighten the boys away. A dog with them attacked the appellant, and he fired at the dog, wounding him in the foot. He had married some eight years before and had been a widower about three years, and during that time had worked for the same man in Jacksonville, but had deposited part of his household effects at his father's house, and had called that his home. Both the father and mother were old and in poor health, and the appellant, according to his testimony, made a practice of going to their farm at frequent intervals and spending several days and sometimes a week to aid them and look after them. On this occasion he arrived on Friday, intending to remain until Sunday.

The case was submitted to the jury on the proposition that if he resided at his father's home the possession of the pistol upon the premises was not unlawful, but that if he resided at Jacksonville it would have been unlawful. The appellant sought to have submitted to the jury the theory that he might have more than one place of residence. That such may be the case has been asserted by this court on several occasions. Campbell v. State, 28 Texas Crim. App. 44; Sanderson v. State, 50 S. W. Rep., 348; Price v. State, 34 Texas Crim. Rep., 102. The facts in McCollum's case, 67 Texas Crim. Rep., 550, are quite similar to those here disclosed. McCollum had been living with his uncle prior to the year 1911. During that year he worked in Bremond, frequently visiting the home of his uncle, and considering that his home. The question as to whether he came within the exemption was held one for solution by the jury. See also Gibbs v. State, 70 Texas Crim. Rep., 278; Craig v. State, 60 Texas Crim. Rep., 195.

Whether, under the evidence introduced by appellant, his relation to his father's home was such as to bring him within the exemption, notwithstanding he resided part of the time in Jacksonville, was a matter which, upon the objection to the main charge and request by the appellant should have been left to the jury.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*