Criminal law ⬅➡1182—Objections to selection of jury held not sustained by record.

Where there was a motion to quash the venire on the grounds that a jury commissioner was not a freeholder in the county and that the commissioners were not residents of different portions of the county, and there is no statement of facts or bills of exception, and no exception was reserved, and the grounds are not verified or established by evidence, so far as shown by the record, conviction will be affirmed.

Appeal from Collingsworth County Court; O. C. Small, Judge.

Bob Bowen was convicted of gambling, and he appeals. Affirmed.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

DAVIDSON, P. J.   Appellant was convicted of gambling, and his punishment assessed at a fine of $10.

The record is before us without a statement of facts or bills of exception. There was a motion made to quash the venire. The grounds relied upon are twofold: First, that one of the jury commissioners selecting the jury was not a freeholder in the county; and, second, that the commissioners were not residents of different portions of the county. These grounds are not verified or shown by testimony; an exception was not reserved. If evidence was introduced, the record fails to show it. We hold that the showing is not sufficient, and therefore do not discuss the merits of the proposition involved.

The judgment will be affirmed.

---

## RATHER v. STATE.   (No. 5885.)

(Court of Criminal Appeals of Texas.   Oct. 13, 1920.)

Weapons ⬅➡17(5)—Whether defendant within exemption, as residing at father's home, where he carried a pistol, a jury question.

Whether, under evidence introduced by defendant, charged with unlawfully carrying a pistol, in violation of Pen. Code 1911, art. 476, his relation to his father's home, where he used the weapon in frightening away trespassers, was such as to bring him within the exemption of the statute of persons carrying arms on their own premises, though he resided part of the time elsewhere, held a matter which, on defendant's objection to the charge and request for a special charge, should have been left for the jury.

Appeal from Smith County Court; W. R. Castle, Judge.

Horace Rather was convicted of unlawfully carrying a pistol, and he appeals. Judgment reversed, and cause remanded.

Simpson, Lasseter & Gentry, of Tyler, for appellant.

Alvin M. Owsley, Asst. Atty. Gen., for the State.

MORROW, J.   The conviction is for unlawfully carrying a pistol. Persons traveling and those carrying arms when on their own premises or place of business are exempted from the statute. Penal Code, art. 476. The appellant carried a pistol in his valise from Jacksonville, in Cherokee county, to the home of his father, about 20 miles distant, in Smith county. He claimed that he was not aware that it was in his satchel until he was well on the way to his father's house. According to the appellant's evidence, his father was sick; that there was a party of boys, or young men, who he thought were shooting craps, out in the woods near his father's house. They were making a noise which disturbed the father, and the appellant went out in the

orchard and fired his pistol in the air to frighten the boys away. A dog with them attacked the appellant, and he fired at the dog, wounding him in the foot. He had married some eight years before, and had been a widower about three years, and during that time had worked for the same man in Jacksonville, but had deposited part of his household effects at his father's house, and had called that his home. Both the father and mother were old and in poor health, and the appellant, according to his testimony, made a practice of going to their farm at frequent intervals and spending several days, and sometimes a week, to aid them and look after them. On this occasion he arrived on Friday, intending to remain until Sunday.

The case was submitted to the jury on the proposition that, if he resided at his father's home, the possession of the pistol upon the premises was not unlawful, but that, if he resided at Jacksonville, it would have been unlawful. The appellant sought to have submitted to the jury the theory that he might have more than one place of residence. That such may be the case has been asserted by this court on several occasions. Campbell v. State, 28 Tex. App. 44, 11 S. W. 832; Sanderson v. State, 50 S. W. 348; Price v. State, 34 Tex. Cr. R. 102, 29 S. W. 473. The facts in McCollum's Case, 150 S. W. 430, are quite similar to those here disclosed. McCollum had been living with his uncle prior to the year 1911. During that year he worked in Bremond, frequently visiting the home of his uncle, and considering that his home. The question as to whether he came within the exemption was held one for solution by the jury. See, also, Gibbs v. State, 70 Tex. Cr. R. 278, 156 S. W. 687; Craig v. State, 60 Tex. Cr. R. 195, 131 S. W. 562.

Whether, under the evidence introduced by appellant, his relation to his father's home was such as to bring him within the exemption, notwithstanding he resided part of the time in Jacksonville, was a matter which, upon the objection to the main charge and request by the appellant should have been left to the jury.

The judgment is reversed, and the cause remanded.