## ANTONIO SOLOSKY v. THE STATE.

### No. 6519.   Decided January 11, 1922.

**1.—Unlawfully Carrying Pistol—Own Premises—Judgment—Divorce.**

Where the decree of divorce gave the wife the complete and exclusive control of the premises and the rents and revenues therefrom for supporting her minor children, etc., and only gave the husband, the defendant, the right to see and visit such children but not to interfere with the management of them or the property, he could not claim the same as his own premises under the act of unlawfully carrying a pistol.

**2.—Same—Evidence—Res Gestae—Bill of Exceptions.**

Where, upon trial of unlawfully carrying a pistol, the evidence showed that the defendant appeared on the porch of the house occupied by his divorced wife and immediately drew a pistol upon her, etc., there was no error in admitting in evidence all the acts of the defendant which were part of the res gestae, although some of the acts were probably not so, but were not pointed out in defendant's bill of exceptions, the same being too general. Following McGrath v. State, 35 Texas Crim. Rep., 442, and other cases.

**3.—Same—Rule Stated—Bill of Exceptions—Objections to the Whole Testimony.**

When the attack in the bill of exceptions is against the whole of the testimony, the trial court is not in error in overruling the objection where he would have been authorized to exclude only a part. Following Tubb v. State, 55 Texas Crim. Rep., 623; besides, some of the testimony objected to would have been admissible to show that the defendant was not on the premises to see his children but to interfere with the management of the property.

**4.—Same—Case Stated—Own Premises—Judgment—Decree of Divorce.**

The place at which the defendant exhibited the pistol was not his own premises within the meaning of the statute. The judgment of the court, for the time being, divested him of the right of occupancy and placed it in another, giving him permission only to visit it for the specific purpose stated in the judgment. Following Zallner v. State, 15 Texas Crim. App., 24, and other cases.

Appeal from the County Court of Harris. Tried below before the Honorable John W. Lewis.

Appeal from a conviction of unlawfully carrying a pistol; penalty, sixty days confinement in the county jail.

The opinion states the case.

*J. P. Rogers* and *J. M. Gibson,* for appellant.

*R. G. Storey,* Assistant Attorney General, for the State.

MORROW, PRESIDING JUDGE.—Conviction is for unlawfully carrying a pistol; punishment fixed at confinement in the county jail for sixty days.

The defense urged is that it was on his own premises. Appellant and his wife had been separated. There were minor children, and in the divorce decree the wife was awarded custody of the children and possession of the residence, which was community property. The decree contained a provision that the wife should have full, complete and exclusive control of the premises and the rents and revenues therefrom for the purpose of supporting, maintaining and educating the children during their minority. In awarding the custody of the children to the wife, it is stated in the decree that he shall have the right to see and visit them so long as he does not interfere with the management of the children or the property.

The appellant appeared upon the porch of the house occupied by his wife. Hearing some one, she opened the door, whereupon appellant immediately drew a pistol and pointed it at her. Her son-in-law appeared and took it away from him; appellant then drew a knife and attempted to open it, which was also wrested from him by the son-in-law. Appellant then went into the yard and picked up an ax with which he attempted to strike his wife, but the son-in-law interfered.

In a bill of exceptions the proof of the acts of the appellant other than the possession of the pistol were objected to upon the ground that they were irrelevant and prejudicial. At least a part of the acts of the appellant were so intermingled with those that it was necessary for the State to prove, in order to make out its case, that the development of the essential facts would have been difficult, if not impossible, without revealing the acts of the appellant in the use of the pistol. In other words, they were clearly within the exception to the rule excluding other offenses which permits the proof of other acts of the accused which are a part of the *res gestae* although such acts may constitute a different offense from that charged in the indictment. Underhill on Crim. Evidence, sec. 88; Wharton's Crim. Ev., vol. 1, p. 228 and notes. The admissibility of that part of the transaction relating to the attempted use of the knife and ax is not so clear as that which reveals his attempted use of the pistol. Assuming that the evidence of those matters should have been excluded, upon an objection properly made, we think the matter is not so presented as to authorize review. The objection urged was that the testimony was irrelevant and prejudicial. This objection has been often held too general except as against evidence which was obviously admissible for no purpose. McGrath v. State, 35, Texas Crim. Rep., 442; Hamblin v. State, 41 Texas Crim. Rep., 139; Ball v. State, 44 Texas Crim. Rep., 186; Carter v. State, 40 Texas Crim. Rep., 229; Barfield v. State, 41 Texas Crim. Rep., 20; Neely v. State, 56 S. W. Rep., 625.

The bill of exceptions are inadequate to present the exclusion of a part of the testimony adverted to for the additional reason that the objection was addressed to the proof of all the acts of the appellant, some of which were clearly admissible. Under such circumstances the objection made should point out the part of the testimony which is

deemed objectionable. When the attack is against the whole, the court is not in error in overruling the objection where he would have been authorized to exclude only a part. See Tubb v. State, 55 Texas Crim. Rep., 623, wherein the reason for the rule is stated. Other illustrations of this application will be found collated in Branch's Ann. Texas Penal Code, sec. 211. Even if the questionable part of the testimony had been singled out, the objection that it was immaterial would not have required its exclusion for the reason that the objection was too general, and for the further reason that the testimony was material as rebutting the theory arising fom the evidence that the appellant was on the premises to see his children and not to interfere with their management or that of the property. There is no intent to indicate that, in the opinion of the court, his right on the premises was such as would exempt him from prosecution under Article 476 of the Penal Code. The place at which he exhibited the pistol was, in our judgment, not his own premises within the meaning of the statute. The judgment of the court, for the time being, divested him of the right of occupancy and placed it in another, giving him permission only to visit it for a specific purpose. In our opinion, his rights were not unlike those of the owner of the property which is in possession of a tenant, and such landlord is not exempt from prosecution under the statute named. See Zallner v. State, 15 Texas Crim. App., 24; Elliott v. State, 39 Texas Crim. Rep., 244; Hooks v. State, 25 Texas Crim. App., 602; Clark v. State, 49 Ark., 4, 4 S. W. Rep., 658; Jones v. State, 17 S. W. Rep., 719. The facts in the case of Whitesides v. State (42 Texas Crim. Rep., 153) would call for the application of the same legal principles as those in the instant case. From that case we quote:

"The proof showed that the *locus in quo* where the alleged offense was committed was in a certain pasture; that the pasture was not rented to appellant's father, but he merely had a permissive use of the pasture with others; that appellant was seen with the pistol in said pasture at night."

The court held that the permissive use appertaining to the accused did not exempt him from prosecution under the statute.

We find no error in the record authorizing or requiring a reversal of the judgment, and it is therefore affirmed.

*Affirmed.*