## BAGGETT v. STATE. (No. 12559.)

Court of Criminal Appeals of Texas.
Oct. 9, 1929.

Adams & McAlister, of Nacogdoches, for appellant.

A. A. Dawson, State's Atty., of Austin, for the State.

MORROW, P. J. Unlawfully carrying a pistol is the offense; punishment fixed at confinement in the county jail for a period of one month.

From the evidence the following appears: Appellant was the owner of a pistol, which was held by Barnhart as security for money advanced to him. Appellant took the pistol to the home of his brother, where he also resided. The pistol was placed in a car belonging to his brother, Silas Baggett. The cylinder pin was removed and the pistol placed in the car. After reaching the home, the pistol was reloaded. While in the dwelling, the appellant was called by his brother and requested to bring the pistol. Taking the pistol in his hand, the appellant left the house. On approaching the lot, he observed his brother and Stewart quarreling. He told his brother to stand back and let Stewart enter. Stewart took the pistol from the appellant and struck him on the head with it.

Stewart testified that the appellant "stuck" him in the stomach with the pistol. The appellant's brother had leased the place from Stewart. In his testimony Stewart claimed that the lot had been reserved, and that at the time the pistol was presented the appellant was "just inside the lot." Stewart's son testified that the appellant got around a post "just a little" inside of the lot gate. Appellant claimed that he was without knowledge of the purpose for which his brother wanted the pistol, and had no knowledge of the presence of Stewart, or notice of a quarrel. Appellant, in his testimony, claimed that he had no thought of trouble; that Stewart grabbed the pistol, and while wrestling over it the pistol was discharged. Appellant was separated from his wife. Some days before the occurrence, he moved his effects to his brother's place, and went there to live.

There was testimony that, on the way from

Barnhart's home to that of the appellant's brother, the car in which the appellant was riding stopped at Trawick for about 20 minutes, and that the pistol was lying on the back of the car, and was not taken in personal possession of the appellant; that he remained in Trawick and walked around for 20 minutes.

■ The court, in instructing the jury, submitted two theories against the appellant, namely: First, that in carrying his pistol to his home he deflected from his course; second, that after reaching his home he carried the pistol upon premises other than his domicile. By exception to the charge and special instructions requested the appellant challenges the sufficiency of the charge, contending that it was confusing, and calculated to mislead the jury as to the true issue, and that it failed to present the appellant's defensive theory in a definite and affirmative manner. Two special charges, which were framed so as to clearly present his theory as arising from the evidence, were refused. One of these reads as follows:

"Now, if you believe from the evidence that the defendant at the time he is alleged to have carried the pistol went to John Barnhart's house for the purpose of getting his pistol out of pawn, and for the purpose of carrying it to his brother's house, and that at the time he was living or working at his brother's, and that he did not carry it off the premises rented by his brother, or if you have a reasonable doubt thereof, you will find him not guilty."

■■ Another charge presented substantially the same idea. The propriety of instructing the jury upon the subject of deflecting from his journey from Barnhart's home to the premises of his brother seems questionable. The whole evidence upon the subject is that the car in which the appellant was riding, and which was driven by another, was stopped at Trawick for 15 or 20 minutes. The pistol was lying in the back of the car, the cylinder pin having been removed, and was not in a position to be shot, and was not taken out of the car by the appellant. The law recognized his right to carry the pistol from the place where it was pawned to his home, whether it was temporary or permanent. Campbell v. State, 28 Tex. App. 44, 11 S. W. 832; Craig v. State, 60 Tex. Cr. R. 195, 131 S. W. 562; McCollum v. State, 67 Tex. Cr. R. 550, 150 S. W. 430. The mere delay in Trawick for fifteen or twenty minutes with the pistol lying in the car, under the circumstances stated, is not regarded as warranting a conviction of the appellant.

Both Stewart and his son indicated that the appellant got only slightly within the lot which Stewart claimed was reserved. There was no evidence that the appellant knew of the reservation. Apparently the lot was a part of the premises in possession of the ap-

pellant's brother. We think the record, as presented, entitles the appellant to have the special charge mentioned, or its equivalent, submitted to the jury. If there should be another trial on the same evidence, the part of the charge authorizing a conviction for the act of the appellant in bringing the pistol to the home of his brother should be omitted.

The judgment is reversed, and the cause remanded.