

# THE ATTORNEY GENERAL
## OF TEXAS

**JOHN L. HILL**
**ATTORNEY GENERAL**

AUSTIN, TEXAS 78711

December 19, 1973

The Honorable Thomas W. Brown, Director    Opinion No. H-185
Texas Board of Private Investigators and
    Private Security Agencies               Re:   Meaning of "premises
959 Reinli Street, Suite 201                           under his control" as
Austin, Texas 78751                                    used in § 46.03(2) of 1973
                                                       amendments to Texas
Dear Mr. Brown:                                        Penal Code

As presently enacted, Article 483 of Vernon's Texas Penal Code makes it unlawful for any person to carry on or about his person certain specified weapons including pistols. Article 484 excepts from its provisions, among others, a "special policeman who receives a compensation of forty dollars or more per month for his services as such officer, and who is appointed in conformity with the statutes authorizing such appointment. . . ."

The new Penal Code (Acts 1973, 63rd Leg., ch. 399, p. 883) to be effective January 1, 1974, contains, in its § 46.02 the general prohibition against "intentionally, knowingly, or recklessly" carrying a handgun upon one's person.

Section 46.03, the equivalent of Article 484, will be:

> "The provisions of Section 46.02 of this code do not apply to a person:
>
> "(1) in the actual discharge of his official duties as a peace officer, a member of the armed forces or national guard, or a guard employed by a penal institution;
>
> "(2) on his own premises or premises under his control;
>
> "(3) traveling; or

> "(4) engaging in lawful hunting or fishing or
> other lawful sporting activity."

Your letter to us states:

> "Private Guards that are employees of a licensee
> licensed pursuant to the provisions of Article 4413 (29bb)
> are now permitted to carry firearms upon the issuance
> of a special police commission issued pursuant to the
> provisions of Article 4413(29bb) Section 14(c) and Article
> 484 of the Texas Penal Code.
>
> "Upon the effective date of the new Penal Code
> Senate Bill 34, employees of licensees can no longer
> be issued special police commissions as outlined in the
> preceding paragraph."

We agree with your conclusion that, after the new Penal Code goes into effect on January 1, 1974, because of the omission from § 46.03 of reference to special police officers, employees of your licensees will not be able to carry handguns pursuant to any commission as special police officers.

The question you have asked is:

> "What constitutes 'premises under his control' as
> used in Section 46.03(2) of Senate Bill 34? The purpose
> of this request is to enable the Texas Board of Private
> Investigators and Private Security Agencies to carry out
> its responsibility to revoke the license of any licensee
> who unlawfully carries a prohibited weapon."

Section 46.03 also exempts from the prohibitions of § 46.02 of the new Penal Code a person "on his own premises or premises under his control." The comparable language in Article 484 is that the prohibition of Article 483 "shall not apply . . . to the carrying of arms on one's own premises or place of business. . . ." There have been a number of decisions construing that language and it is held that it is not necessary that the premises be owned to qualify as a place of business. Smith v. Smith, 100 S.W. 155 (Tex. Crim.1907);

Gibbs v. State, 156 S.W. 687 (Tex. Crim. 1913). On the other hand, a mere permissive right to use property for a particular purpose may be insufficient to constitute one's own premises or place of business within the meaning of Article 484. Solosky v. State, 236 S.W. 742 (Tex. Crim. 1922); Whiteside v. State, 58 S.W. 1016 (Tex. Crim. 1900).

As we pointed out in Attorney General Opinion H-22, to confer the right to carry prohibited weapons, there must be lawful possession and control, even under the old law. See Mireles v. State, 192 S.W. 241 (Tex. Crim. 1917); Fields v. State, 166 S.W. 1166 (Tex. Crim. 1914). Similarly, under that statute it was held that the exception applied to employees of the owner of the business. Thus in Poston v. State, 104 S.W. 2d 516 (Tex. Crim. 1937) the court said that if the appellant was employed to work in two places of business he would not have been violating the law to have had a gun on his person at either of them.

In Merchants and Manufacturers' Lloyds' Ins. Exch. et al., v. Southern Trading Co. of Texas, 205 S.W. 352 (Tex. Civ. App., Ft. Worth, 1918), the Court stated the following:

> "The term 'premises' has attached to it various meanings, owing to the connection in which it is used, but, generally speaking, the term includes not only buildings, but the lot or land upon which the same are situated."

Therefore, in our opinion, the term "premises" means a fixed piece of real estate and the building located thereon.

In Board of Insurance Commissioners v. Duncan, 174 S.W. 2d 326 (Tex. Civ. App., Amarillo, 1943), the Court stated:

> "39 Tex. Jur. 196, par. 104, says: 'It is proper and sometimes necessary to consult a dictionary to ascertain the meaning to be attached to a word.'

> "The same text and volume, page 197, par. 105, says: 'One of the primary and settled rules of construction is that words in common use, when contained in a statute,

will be read according to their natural, ordinary
and proper meaning unless a contrary intention is
clearly apparent from the context or unless there is
some necessity, in a particular case, for adopting
a different construction.' These statements from the
text are supported by numerous authorities.

"Webster's New International Dictionary defines
the word 'control' as follows: 'To exercise restraint
or deciding influence over; to dominate; regulate; to
hold from action; to curb; subject or overpower.'

"Words and Phrases, Perm. Ed., vol. 9, page
434, says: 'To "control" means to exercise restraint
or deciding influence over; to dominate; regulate; to
hold from action; to curb; subject or overpower.'

"So far as we are able to find the word 'control'
has no legal or technical meaning distinct from that given
in his usual usage."

Also see Carter v. Carter, 359 S. W. 2d 184 (Tex. Civ. App., Waco,
1962); State v. Camper, 261 S. W. 2d 465 (Tex. Civ. App., Dallas, 1953).

In Evary v. The E. F. Construction Co., 236 A. 2d 328 (Conn. 1967),
the Court was presented with the question of what was the meaning of "premises
under his control." In this action by an injured employee for damages based on
alleged negligence the Court noted that an averment that the Defendant had
"control" of premises called for a legal conclusion and the bare assertion does
not justify conclusion that no fact issue exists.

The phrase "premises under his control" implies some definite place,
and there is no control where the premises are a highway. Bates v. Connecticut
Power Co. 33 A. 2d 342 (Conn. 1943). Evary v. The E. F. Construction Co.,
supra.

It is our opinion from the foregoing authorities that a security guard may
carry a handgun while on his employer's premises. In the case of an employee

of a private security agency, whose employer contracts with third persons to guard their premises, the guard while on the premises of those third persons may be on "premises under his control" but whether or not he is will be a fact question in each instance. We do not believe that the statute will require exclusive control in the sense that there could only be one person in control of premises. We would feel it sufficient if the person in question was authorized to direct the conduct of other persons on the premises.

We do not believe that "premises" can be extended to include, for example, armored vehicles or the streets surrounding premises and in this latter connection we call your attention to Wilson v. State, 418 S. W. 2d 687 (Tex. Crim. 1967) where the court said:

> "We are unable to agree that a tenant who carries a pistol upon the grass, sidewalks, driveway, and parking lot jointly used by all tenants of a large apartment complex, such as the one described herein, is on 'one's own premises,' within the meaning of the statute."

From the foregoing we conclude that, to meet the test of "premises under his control," the location where the person intends to carry a handgun must: (a) be real property or a building upon it and (b) be owned by the subject or his employer or (c) subject to the control of the subject or his employer in some special capacity. While control need not be exclusive of others, it must be a real right to exercise some dominion over the premises. Whether or not these facts exist will usually be a question of fact to be determined in each case.

Under one test we believe that employees of a security service employed to guard premises of another, so long as they have the right to "control" the premises, will be authorized to carry handguns. On the other hand, an employee of such a service, operating from an armored vehicle, which cannot qualify as "premises" cannot qualify.

## SUMMARY

In order to be entitled to carry a handgun under § 46. 03(2) of the 1973 Penal Code on "premises under

his control," the person in question must actually have the right to exercise some control over the conduct of other persons upon the premises although his control need not be exclusive.  Whether or not such a right to control exists is a question of fact.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee