

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

March 27, 1973

Honorable A. W. Davis, Jr.
County Attorney, Newton County
P. O. Box 477
Newton, Texas 75966

Opinion No. H- 22

Re:  Do persons employed by
various hunting clubs have
the right to carry firearms
within their particular area?

Dear Mr. Davis:

The facts you have stated in your letter of January 4, 1973, are that you have various hunting clubs in Newton County which lease hunting rights from various timber companies. The hunting club areas are well defined geographically in that they are fenced, "posted", etc. You asked whether these employees of the clubs, assuming they are not qualified law enforcement officers of the state or of any political sub-division, have the right to carry firearms within their particular area.

Article 483, Vernon's Texas Penal Code, makes it a misdemeanor for a person to carry on or about his person a pistol or other described weapon. Article 484, V. T. P. C., provides that Article 483 "shall not apply . . . to the carrying of arms on one's own premises or place of business . . .". It is not necessary that the premises be owned to qualify as a place of business. Smith v. Smith, 100 S. W. 155 (Tex. Crim. 1907); Gibbs v. State, 156 S. W. 687 (Tex. Crim. 1913).

From your letter of January 4, 1973, we are unable to determine the precise interest the hunting clubs have in the premises they have under lease. A mere permissive right to use the property for a particular purpose may be insufficient to constitute the property "premises" within the meaning of Article 484, V. T. P. C. Solosky v. State, 236 S. W. 742 (Tex. Crim. 1922); Whiteside v. State, 58 S. W. 1016 (Tex. Crim. 1900). To confer the right to carry weapons, there must be lawful possession and control. See Mireles v. State, 192 S. W. 241 (Tex. Crim. 1917); Fields v. State, 166 S. W. 1166 (Tex. Crim. 1914).

The exception of Article 484 applies to employees of the owner of the business. In Poston v. State, 104 S. (W. 2d 516, (Tex. Crim. 1937) the Court said:

Honorable A. W. Davis, Jr., page 2 (H-22)

" . . . It is true, appellant did not own either place
of business referred to, and the jury may have been
misled by the language of the court's charge, but it
is legally true that if appellant was employed to work
in both of said places of business, he would not have
been violating the law to have had on his person at
either place the weapon mentioned. [citing cases]
. . ." (104 S. W. 2d at 518)

It is our opinion that the persons described in your letter of
January 4, 1973, may carry firearms while on the premises of the
clubs which employ them whether the clubs own or lease the property
provided there is the necessary right to possession and control. We
would add as a word of caution, that unless these persons do qualify
as law enforcement officers in some other manner, they will not
be peace officers and will have no more right to enforce the law or
to protect the property of their employers than any other individual
would have.

### SUMMARY

Employees may carry firearms on the business
premises of their employers, whether such premises
are owned or are leased by the employers, provided the
employer has the right to control the premises.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, Executive Assistant

DAVID M. KENDALL, Chairman
Opinion Committee                    p. 100