EMIL ROTH v. THE STATE.

No. 12919.   Delivered March 19, 1930.
Reinstated April 16, 1930.
Reported in 27 S. W. (2d) 183.

The opinion states the case.

*W. F. Adams* of Yoakum, and *Will T. Bagby* of Hallettsville, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for assault with intent to rape; punishment, two years in the penitentiary.

The State's Attorney with this court files his motion to dismiss this appeal because of a defective recognizance. The article pre-

scribing the requisites for a recognizance upon appeal from conviction in a felony case, furnishes a form therefor. See Art. 817, C. C. P. The recognizance found in this record has no date, and nothing by which we may ascertain when same was made; nor is it in form as required and prescribed by the statute. In the absence of a sufficient recognizance or appeal bond upon appeal in a felony case, this court is without jurisdiction. The motion of the State will be granted, the appeal will be dismissed because of defective recognizance, but the defendant will be given fifteen days from the date of the entry of this order of dismissal within which he may file his proper appeal bond.

The appeal is dismissed.

*Dismissed.*

ON MOTION TO REINSTATE APPEAL.

LATTIMORE, JUDGE.—Proper appeal bond having been filed within the time allowed in our judgment of dismissal, the appeal will be reinstated and the case considered on its merits.

Prosecutrix, a sixteen year old girl at the time of the alleged assault, fully made out the State's case, and was corroborated by other witnesses who saw the bruises on her body and to whom she related the occurrence soon after sunup on the day following the night of the alleged assault. That she fled from appellant's home during said night almost without clothes, was also in testimony. The State's case was combated, but conflicts in testimony are for the jury and their settlement of same in favor of the State will not be disturbed by this court except for such lack of testimony as evinces prejudice or disregard of the rights of the accused.

There are three bills of exception in the record. The first sets out at length testimony, a portion of which appears to be hearsay, but part of which was clearly a statement of material facts. The objection stated was "To said testimony," without specifying any particular part thereof. Such objection can not be sustained. Payton v. State, 35 Texas Crim. Rep. 510; Tubb v. State, 55 Texas Crim. Rep. 623; Solosky v. State, 90 Texas Crim. Rep. 537; Leal v. State, 106 Texas Crim. Rep. 68; Bedgood v. State, 109 Texas Crim. Rep. 104. It may be further observed that the hearsay matters appearing in this bill related to facts which were in testimony from other witnesses, and were uncontroverted.

The next bill was to the court's refusal to strike out testimony set out in question and answer form covering eleven pages,—and

we confess ourselves unable to solve the proposition as to what was admitted and what was stricken out by the court. That the motion, as to some of the matters thus set out, was sustained,—is apparent; and that as to part thereof said motion is not well founded,—is also apparent. Recent complaint by prosecutrix to her father early the next morning following the night of the alleged assault, and her exhibition of bruises upon her body, etc., were admissible. Branch's P. C., Sec. 1784; Grimmett v. State, 22 Texas Crim. App. 41; Myers v. State, 105 Texas Crim. Rep. 426, and authorities cited. Appellant's motion seems directed at the testimony in such way as that we can not determine whether the action of the court be in any respect erroneous.

The remaining bill complains also of the refusal of a motion by appellant to strike from the record testimony of a defense witness given on her cross-examination. The testimony set out seems in part given in answer to questions asked by appellant's counsel. The objection stated was to the testimony as a whole, and the bill might be disposed of by what we said in discussing the first bill of exception, supra. The objection was "To said testimony," because it was an expression of opinion by the witness of appellant's guilt of some character of assault upon prosecutrix. We fail to find, in any part of said testimony as set out in the bill, any statement suggesting that this witness believed appellant guilty of any offense. The most that could be inferred was that witness told her daughter, the wife of appellant, that from what prosecutrix said to her, witness, it was going to make it hard on appellant if prosecutrix went home and told her father what she told witness. None of these bills present error for which this case should be reversed. The facts seem sufficient.

The judgment will be affirmed.

*Affirmed.*