TILLIE GERLACH v. THE STATE.

No. 13399. Delivered May 28, 1930.
Motion to reinstate denied June 18, 1930.
Reported in 29 S. W. (2d) 349.

The opinion states the case.

*Henry Greenberg,* of Galveston, for appellant.

*John L. Darrouzet,* City Atty., for Texas City, *Harold M. Oster,* Asst. City Atty., for Texas City, and *Owen D. Barker,* Co. Attorney, all of Galveston, and *A. A. Dawson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is vagrancy; the punishment, a fine of two hundred dollars.

There is nothing to show that the recognizance found in the transcript was recorded in the minutes of the court as required by law. Rogers v. State, 213 S. W. 637. Moreover, the recognizance shows to have been entered into on November 39, 1929, which is an impossible date. We are unable to determine whether the recognizance was entered into during term time. Texas Jurisprudence, vol. 4, sec. 84. The state's motion to dismiss the appeal must be sustained.

The appeal is dismissed.

*Appeal dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON APPELLANT'S MOTION TO REINSTATE APPEAL.

CHRISTIAN, JUDGE.—Appellant has attempted to remedy the defect pointed out in the opinion dismissing the appeal. A recognizance, the caption of which shows that it was entered into in the corporation court of the city of Texas City, is brought forward with the certificate of the clerk of the county court at law of Galveston County to the effect that said recognizance was entered into during the term of court at which appellant was tried and convicted. If we comprehend the record, appellant appealed from a conviction in the corporation court of Texas City and upon a trial de novo in the county court at law was again convicted. We are unable to determine from the certificate appearing upon the recognizance that said recognizance was entered into in the county court at law during the term at which appellant was convicted. As far as the caption reflects the matter, said instrument is a part of the proceedings of the corporation court. An examination of the transcript fails to shed light on the question. It is observed that some of the orders made in the corporation court are embraced in the transcript.

The motion to reinstate the appeal is overruled.

*Overruled.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.